**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ETHAN MEVI et al.,

Plaintiffs,

v.

HENRY JI et al.,

Defendants.

Case No.:  26-cv-02113-DMS-DEB

**ORDER GRANTING PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Before the Court is Plaintiffs' Motion to Stay Proceedings Pending Resolution of Proceedings Pending in Bankruptcy Court for the Southern District of Texas ("Motion"). (Mot., ECF No. 3).  For the following reasons, Plaintiffs' Motion to Stay is granted to the extent set forth herein.

On April 3, 2026, Plaintiffs Ethan Mevi, Enrique Curbello, Bruce Bradley, Michael Broome, Cynthia Broome, Aladdin Asfour, Kyle Hodes, Jennifer Hodes, Alexander Espalin, Moayad Altahhan, Shawn Franz, Leo Kishko, and AC Choudhury (collectively "Plaintiffs") filed this action against Henry Ji, M3 Advisory Partners, L.P., MIII Partners, L.P., Mohsin Meghji, Jackson Walker LLP, Dorman Followwill, Kim D. Janda, David Lemus, Tammy Reilly, Jaisim Shah, Yue Alexander Wu, Stephen Ma, Vivasor Holding Company, Scilex Holding Company, and Semnur Pharmaceuticals (collectively "Defendants").  (Compl., ECF No. 1).  Plaintiffs allege Violation of the Racketeer

1

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); Conspiracy to Violate RICO, 18 U.S.C. § 1962(d); Breach of Fiduciary Duty; Aiding and Abetting Breach of Fiduciary Duty; and Violation of California Penal Code § 496.  (Compl. ¶¶ 147–210). Plaintiffs' claims arise from Defendants' alleged conduct in connection with the Chapter 11 bankruptcy of Sorrento Therapeutics, Inc., currently pending in the U.S. Bankruptcy Court, Southern District of Texas ("Bankruptcy Court").  (Compl. 2, ¶ 31).  In that action, on April 14, 2026, Defendants M3 Advisory Partners, L.P., MIII Partners, L.P., and Mohsin Meghji filed an Emergency Motion to Enforce the Plan of Reorganization.  (Mot. 4; Boyer Decl. Ex. A, ECF No. 3-1 at 6).  On April 17, 2026, the Liquidating Trustee filed a Joinder in the Emergency Motion and a Supplemental Request for Relief.  (Mot. 4; Boyer Decl. Ex. A at 6).  On April 20, 2026, the Bankruptcy Court held a hearing and inquired whether Plaintiffs would agree to seek a stay in the present action while the Bankruptcy Court set a briefing schedule and future hearing date. (Mot. 4).  The hearing was continued until April 22, 2026, at which the parties agreed to the entry of an order to preserve the status quo and the parties' rights.  (*Id.*).  On April 24, 2026, the Bankruptcy Court entered an Order Temporarily Enjoining the Sorrento Shareholders' Prosecution of Their California Lawsuit, which prohibited Plaintiffs from taking any action to prosecute, advance, or otherwise pursue this action until the Bankruptcy Court had ruled on the emergency motions. (*Id.*; Boyer Decl. Ex. A).  On April 28, 2026, Plaintiffs filed the present Motion to Stay Proceedings, "including without limitation all deadlines for service of the Complaint and all response deadlines, pending resolution of [the emergency motions]." (Mot. 2).  On June 2, 2026, the Court vacated oral argument on the Motion to Stay.  (ECF No. 4).  To date, no Defendant has been served or appeared in this action and no opposition to the Motion was filed.  On June 21, 2026, the Bankruptcy Court granted the emergency motions in a memorandum opinion, concluding that Plaintiffs lack standing to pursue the claims asserted in the Complaint and were required to seek authorization under the Gatekeeping Provision of the Debtors' Plan before filing suit.  *In re Sorrento Therapeutics,*

26-cv-02113-DMS-DEB

*Inc.*, No. 23-90085 (Bankr. S.D. Tex. June 21, 2026).[1]  The Bankruptcy Court directed the parties to "meet and confer regarding a proposed form of order consistent with this Opinion and submit the same within 14 days." *Id.*

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants," including by issuing stays of pending proceedings.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  In doing so, courts must weigh the competing interests such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  Here, although the Bankruptcy Court has resolved the emergency motions, it has directed the parties to submit a proposed form of order within fourteen days.  Each of the competing interests favors a brief stay pending resolution of this matter.  As Plaintiffs request the stay and no Defendant has been served or appeared in this action, the Court discerns no damage that would be caused by a stay.  Furthermore, because final resolution of the emergency motion matter might narrow or eliminate the issues in this action, a stay would spare all parties expense and serve the orderly course of justice.  Accordingly, the Court **GRANTS** Plaintiffs' Motion to Stay.  All deadlines in this action, including the deadline to serve the Complaint, are tolled for the duration of the stay.  Plaintiffs shall file a status report on or before **August 1, 2026**, addressing the effect of the Bankruptcy Court's ruling, any subsequent events, and how they intend to proceed.  The

---

[1] The Court takes *sua sponte* judicial notice of the recently issued opinion.  *See* Fed. R. Evid. 201(c); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation modified)); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (explaining that although a court may take judicial notice of matters of public record, it does not "take judicial notice of disputed facts contained in such public records").

Court will then determine whether to lift, continue, or modify the stay.

**IT IS SO ORDERED.**

Dated:  June 25, 2026

_____

Hon. Dana M. Sabraw
United States District Judge

26-cv-02113-DMS-DEB